# EXHIBIT A

## RESOLUTION APPOINTING SPECIAL LITIGATION COMMITTEE

WHEREAS, by letters dated April 10, 2014 and May 21, 2014, the Paul Perry Revocable Living Trust, a shareholder of the Company, made demand upon the Board of Directors to investigate and act upon certain potential legal claims belonging to the Company (all of them are the "Demand"); and

WHEREAS, the Company's counsel has explained that under the law governing Minnesota corporations, an appropriate response of the Board to the Demand is to form a special litigation committee consisting of one or more independent directors or other independent persons to consider the legal rights or remedies of the Company relating to the matters referenced in the Demand, and whether those rights or remedies should be pursued; and

WHEREAS, the Board wishes to form such a special litigation committee; and

WHEREAS, the Board has considered the information provided by Kathleen A. Blatz and John H. Matheson about their respective backgrounds, experience, and normal hourly billing rates; and

WHEREAS, the Board has been informed by the Company's counsel that Kathleen A. Blatz and John H. Matheson have been provided with information about the matters referenced in the Demand, including information about pending shareholder derivative complaints involving the same matters as the Demand, and that each of Kathleen A. Blatz and John H. Matheson has advised the Company's counsel that she/he does not have any personal interest in the subject matters of the Demand and does not know of any relationships or facts that would impair her/his willingness and ability to act independently on behalf of the Company in connection with such matters; and

WHEREAS, the Board has concluded that Kathleen A. Blatz and John H. Matheson have the requisite independence within the meaning of Section 302A.241 of the Minnesota Statutes to serve on a special litigation committee on behalf of the Company;

NOW, THEREFORE, BE IT RESOLVED, that pursuant to Section 302A.241 of the Minnesota Statutes, the Board does hereby form a Special Litigation Committee of the Board, and designate and appoint Kathleen A. Blatz and John H. Matheson as the two members of the Special Litigation Committee.

FURTHER RESOLVED, that the Special Litigation Committee is granted full power and authority: (1) to investigate the allegations, claims, and requests for relief set forth in the Demand, or otherwise raised by the Paul Perry Revocable Living Trust or other shareholders relating to the matters referenced in the Demand; (2) to determine whether and/or to what extent the Company should pursue whatever rights and remedies it has relating to such allegations, claims, and requests for relief; and (3) to respond on behalf of the Board and the Company to the Demand.

FURTHER RESOLVED, that the Special Litigation Committee is granted full power and authority to retain (1) special legal counsel who is independent of the Company and of the potential defendants identified in Demand to represent the Committee and advise it in its work, and (2) such other independent experts as the Committee deems necessary and appropriate in order to assist it in fulfilling its responsibilities. The expense of such counsel and/or experts shall be borne by the Company and/or its insurer.

- 2 -

      FURTHER RESOLVED, that, in view of the substantial time and effort that is expected to be devoted by the members of the Special Litigation Committee in connection with performing their duties as such, each Committee member will be compensated by the Company and/or its insurer for the time expended by the member at such member's normal hourly rates.

      FURTHER RESOLVED, that upon the completion of the Special Litigation Committee's work, the Committee is requested to inform the Board (1) that the Committee's work has concluded, and (2) of what response the Committee made to the Demand.

# SECOND BOARD RESOLUTION
# REGARDING SPECIAL LITIGATION COMMITTEE

WHEREAS, by resolution adopted on June 11, 2014, the Board of Directors formed a Special Litigation Committee to consider a demand made by a shareholder of the Company upon the Board (the "Demand"); to investigate the matters raised by the Demand; to determine whether and/or to what extent the Company should pursue whatever rights and remedies it has relating to the allegations, claims, and requests for relief made in the Demand; and to respond on behalf of the Board and the Company to the Demand; and

WHEREAS, the Board appointed Kathleen A. Blatz and John H. Matheson as the two members of the Special Litigation Committee; and

WHEREAS, there are pending against the Company and against certain of its present and/or former officers and directors five shareholder derivative actions relating to the same matters as the Demand; and

WHEREAS, one of the shareholder derivative actions was brought by Beth Koeneke and is pending in the Hennepin County District Court, Minneapolis, Minnesota ("Hennepin County Action"); and

WHEREAS, four of the shareholder derivative actions were brought by Robert Kulla, Mary Davis, Maureen Collier, and The Police Retirement System of St. Louis, have been consolidated, and are pending in the United States District Court for the District of Minnesota ("Federal Actions"); and

WHEREAS, the Hennepin County Action and the Federal Actions (collectively, the "Litigation") relate to the same matters as the Demand, and involve similar allegations, claims, and requests for relief as the Demand; and

WHEREAS, the Board wishes the Special Litigation Committee to act on behalf of the Board and the Company with respect to the Litigation, as well as with respect to the Demand;

NOW, THEREFORE, BE IT RESOLVED, that in addition to the power and authority granted to the Special Litigation Committee on June 11, 2014, the Special Litigation Committee is granted full power and authority: (1) to investigate the allegations, claims, and requests for relief set forth in the Litigation, or otherwise raised by the plaintiffs in the Litigation, or raised by other shareholders in any derivative actions that might be filed in the future relating to the same matters as the Litigation ("Future Actions"); (2) to determine whether and/or to what extent the Company should pursue whatever rights and remedies it has relating to the allegations, claims, and requests for relief made in the Litigation or in any Future Actions; and (3) to respond on behalf of the Board and the Company to the Litigation and to any Future Actions.